UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SHAMEL ERVIN,

                                      Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICERS JOHN DOES 1-5,

                                      Defendants.

**ECF CASE**

**COMPLAINT**

07 CV 2981 (JSR)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. This case arises from a February 17, 2007 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, retaliation, assault, battery, two illegal strip searches, fabricated evidence, malicious prosecution, and negligent conduct. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of false arrest, assault, battery, malicious

prosecution, and negligence. With respect to these state law claims, a notice of claim was duly filed on the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claims.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's negligence and deliberate indifference to plaintiff's rights under federal and state law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

5.  Plaintiff is a resident of the State of New York, County of Kings.

6.  The City of New York is a municipal corporation organized under the laws of the State of New York.

7.  Police Officers John Does 1-4 are members of the NYPD who were involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on February 17, 2007. John Does 1-4 are sued in their individual capacities.

8.  Police Officer John Doe 5 is the member of the NYPD who strip searched plaintiff in Central Booking on February 18, 2007. John Doe 5 is sued in his individual capacity.

## STATEMENT OF FACTS

9.  On February 17, 2007, at approximately 10:00 p.m., in front of apartment 2G inside 17 Avenue W, in Brooklyn, New York, approximately four police officers seized plaintiff without cause. One of the officers is Asian and the others are white or Hispanic.

10. After arresting plaintiff, the officers took plaintiff to PSA 1.

11. Shortly after arriving at PSA 1, plaintiff was taken to a cell area in the rear of the precinct.

12. One of the white officers who had arrested plaintiff earlier put on gloves and took plaintiff to a bathroom.

13. The officer ordered plaintiff to pull down his pants.

14. When plaintiff peacefully voiced an objection, the officer tightened the cuffs on plaintiff's wrists causing plaintiff to suffer excruciating pain. threw plaintiff against a wall approximately four times, bent plaintiff over a sink and violently took plaintiff to the floor, and, once plaintiff was on the floor, forcefully pushed his knee into plaintiff's neck and back.

15. The white officer then lifted plaintiff from the floor and an unidentified black officer wrapped his arms around plaintiff's body and squeezed causing plaintiff to suffer pain and injury.

16. While the black officer was holding plaintiff, the white officer pulled down plaintiff's pants and underwear and ordered plaintiff to squat and cough.

17. When plaintiff complied, the white officer swiped his hand roughly against plaintiff's anus approximately three times.

18. After the aforesaid illegal conduct, plaintiff was placed in a cell.

19. On February 18, 2007, at approximately 6:00 a.m., plaintiff was taken to Brooklyn Central Booking to await arraignment.

20. Upon entering Central Booking, plaintiff informed a paramedic that he felt pain when he exhaled. The paramedic briefly examined plaintiff.

21. Upon entering Central Booking, an unidentified police officer illegally strip searched plaintiff in front of numerous other prisoners.

22. While plaintiff was incarcerated in Central Booking, one or more of the officers sued herein maliciously conveyed false information to prosecutors in an effort to have plaintiff prosecuted.

23. On February 18, 2007, plaintiff was arraigned in Brooklyn Criminal Court.

24. Upon information and belief, the charges filed against plaintiff were dismissed.

25. On February 19, 2007, plaintiff went to Coney Island Hospital for medical treatment.

26. As a result of defendants' actions, plaintiff experienced pain and physical injuries to his wrists, body, neck, and anus, emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, and damage to reputation.

**FEDERAL CLAIMS AGAINST POLICE OFFICERS JOHN DOES 1-5**

27. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-26 as if fully set forth herein.

28. The conduct of Police Officers John Does 1-10, as described herein, amounted to false arrest, excessive force, retaliation, two illegal strip searches, fabricated evidence, and malicious prosecution. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**STATE LAW CLAIMS AGAINST POLICE OFFICERS JOHN DOES 1-5**

29. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-28 as if fully set forth herein.

30. The conduct of Police Officers John Does 1-5, as described herein, amounted to false arrest, assault, battery, malicious prosecution, and negligence in violation of the laws of the State of New York.

**FEDERAL CLAIM AGAINST THE CITY OF NEW YORK**

31. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-30 as if fully set forth herein.

32. The City of New York directly caused the constitutional violations suffered by plaintiff.

33. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that the individual John Doe defendants are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

34. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK**

35. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-34 as if fully set forth herein.

36. Because the individual defendants, John Does 1-5, were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for the false arrest, assault, battery, malicious prosecution and negligence committed by John Does 1-5.

37. Further, the City of New York is liable for negligence under state law because it negligently hired, trained, supervised, and retained John Does 1-5.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    April 13, 2007
               Brooklyn, New York

                              CARDINALE & MARINELLI
                              26 Court Street, Suite 1815
                              Brooklyn, New York 11242
                              (718) 624-9391

                              By:

                              s/
                              _____
                              RICHARD J. CARDINALE (RC-8507)