UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SHAMEL ERVIN,

                Plaintiff,

      - against –

THE CITY OF NEW YORK, POLICE
OFFICERS JOHN DOES 1-5,

                Defendants.
-------------------------------------------------------X

07 CV2981 (JSR)

ANSWER OF DEFENDANT
THE CITY OF NEW YORK,
TO COMPLAINT

JURY TRIAL DEMANDED

      Defendant, THE CITY OF NEW YORK, by its attorney, MICHAEL A. CARDOZO, CORPORATION COUNSEL OF THE CITY OF NEW YORK, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

      1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

      2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action as stated therein and invoke the jurisdiction of this Court as stated therein.

      3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the supplemental jurisdiction of this Court as stated therein and that the New York City Comptroller's Office received a document purporting to be a notice of claim on March 5, 2007.

      4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue of this action as stated therein.

      5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Admits the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that plaintiff was arrested on February 17, 2007 and that plaintiff purports to sue "John Does 1-4" in their individual capacities.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admits that that plaintiff purports to sue "John Doe 5" in his individual capacity.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admits that plaintiff was arrested inside 17 Avenue W, Brooklyn, New York on February 17, 2007.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint, except admits plaintiff was taken to Brooklyn Central Booking for arraignment on February 18, 2007.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Admits the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth regarding pain and physical injuries and emotional distress.

27. In response to paragraph "27" of the complaint, defendant repeats and re-alleges its responses to the allegations set forth in paragraphs "1" through "26" as though fully set forth herein.

28. Denies the allegations set forth in paragraph "28" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth regarding unidentified officers.

29. In response to paragraph "29" of the complaint, defendant repeats and re-alleges its responses to the allegations set forth in paragraphs "1" through "28" as though fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth regarding unidentified officers.

31. In response to paragraph "31" of the complaint, defendant repeats and re-alleges its responses to the allegations set forth in paragraphs "1" through "30" as though fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. In response to paragraph "35" of the complaint, defendant repeats and re-alleges its responses to the allegations set forth in paragraphs "1" through "34" as though fully set forth herein.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

### First Affirmative Defense

38. Plaintiff's complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

39. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof.

### Third Affirmative Defense

40. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of its discretion.

### Fourth Affirmative Defense

41. Any damage or injury alleged in the complaint was caused or contributed to, in whole or in part, by reason of plaintiff's culpable or negligent conduct and was not the proximate result of any act of defendant.

### Fifth Affirmative Defense

42. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant has governmental immunity from liability.

### Sixth Affirmative Defense

43. There was probable cause for plaintiff's arrest and detention.[1]

---

[1] See plaintiff's Arrest Report annexed hereto as Exhibit "A".

### Seventh Affirmative Defense

44. Plaintiff cannot obtain punitive damages as against the City of New York.

### Eighth Affirmative Defense

45. Plaintiff has failed to comply with New York General Municipal Law §50-h and accordingly plaintiff's state law claims are barred.

WHEREFORE, defendant demands judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Defendant hereby demands trial by jury on all issues so triable.

DATED:   New York, New York
         June 12, 2007

Respectfully submitted,

David M. Pollack, Esq. (DP3873)
MICHAEL A. CARDOZO
Corporation Counsel
Attorney for Defendant
THE CITY OF NEW YORK,
100 Church Street, Room 3-140
New York, New York 10007
(212) 788-1894


TO: Richard J. Cardinale, Esq.(By ECF)
    Cardinale & Marinelli
    Attorneys for Plaintiff
    26 Court Street, Suite 1815
    Brooklyn, New York 11242
    (718) 624-9391