UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SHAMEL ERVIN,

                Plaintiff,

   - against –

THE CITY OF NEW YORK, POLICE
OFFICER RANDON RUSH, POLICE
OFFICER KEN MIKLAS, SERGEANT
JOSEPH QUIGLEY,

                Defendants.
------------------------------------------------------X

07 CV2981 (JSR)

ANSWER OF DEFENDANTS
THE CITY OF NEW YORK, POLICE
OFFICERS RANDON RUSH, KEN
MIKLAS AND SERGEANT JOSEPH
QUIGLEY TO AMENDED COMPLAINT

JURY TRIAL DEMANDED

      Defendants, The City Of New York, Officer Randon Rush, Police Officer Ken Miklas, Sergeant Joseph Quigley, by their attorney, Michael A. Cardozo, Corporation Counsel Of The City Of New York, for their answer to the amended complaint, respectfully allege, upon information and belief, as follows:

      1. Deny the allegations set forth in paragraph "1" of the amended complaint, except admit that plaintiff purports to bring this action as stated therein.

      2. Deny the allegations set forth in paragraph "2" of the amended complaint, except admit that plaintiff purports to bring this action as stated therein and invokes the jurisdiction of this Court as stated therein.

      3. Deny the allegations set forth in paragraph "3" of the amended complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of this Court as stated therein and that the New York City Comptroller's Office received a document purporting to be a notice of claim on March 5, 2007.

4. Deny the allegations set forth in paragraph "4" of the amended complaint, except admits that plaintiff purports to base venue of this action as stated therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the amended complaint.

6. Admit the allegations set forth in paragraph "6" of the amended complaint.

7. Deny the allegations set forth in paragraph "7" of the amended complaint, except admit that plaintiff was arrested on February 17, 2007 by Officer Randon Rush and that plaintiff purports to sue him in his individual capacity.

8. Deny the allegations set forth in paragraph "8" of the amended complaint, except admit that Officer Miklas was present on February 17, 2007 when plaintiff was arrested and that plaintiff purports to sue him in his individual capacity.

9. Deny the allegations set forth in paragraph "9" of the amended complaint, except admit that Sergeant Quigley was present at or about the time that plaintiff was arrested on February 17, 2007 and that plaintiff purports to sue him in his individual capacity.

10. Deny the allegations set forth in paragraph "10" of the amended complaint except admit plaintiff was arrested inside 17 Avenue W, Brooklyn, New York on February 17, 2007.

11. Deny the allegations set forth in paragraph "11" of the amended complaint, except admit plaintiff was taken to PSA1 for processing following his arrest.

12. Deny the allegations set forth in paragraph "12" of the amended complaint.

13. Deny the allegations set forth in paragraph "13" of the amended complaint.

14. Deny the allegations set forth in paragraph "14" of the amended complaint.

15. Deny the allegations set forth in paragraph "15" of the amended complaint.

16. Deny the allegations set forth in paragraph "16" of the amended complaint.

17. Deny the allegations set forth in paragraph "17" of the amended complaint.

18. Deny the allegations set forth in paragraph "18" of the amended complaint.

19. Deny the allegations set forth in paragraph "19" of the amended complaint.

20. Deny the allegations set forth in paragraph "20" of the amended complaint, except admit plaintiff was taken to Brooklyn Central Booking for arraignment on February 18, 2007.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the amended complaint.

22. Deny the allegations set forth in paragraph "22" of the amended complaint.

23. Admit the allegations set forth in paragraph "23" of the amended complaint.

24. Deny the allegations set forth in paragraph "24" of the amended complaint, except admit plaintiff received an adjournment in contemplation of dismissal on February 18, 2007 and the case was dismissed on August 17, 2007.

25. Deny the allegations set forth in paragraph "25" of the amended complaint, except admit that plaintiff went to Coney Island Hospital on February 19, 2007.

26. Deny the allegations set forth in paragraph "26" of the amended complaint.

27. In response to paragraph "27" of the amended complaint, defendants repeat and re-allege its responses to the allegations set forth in paragraphs "1" through "26" as though fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the amended complaint.

29. In response to paragraph "29" of the amended complaint, defendants repeat and re-allege its responses to the allegations set forth in paragraphs "1" through "28" as though fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the amended complaint.

31. In response to paragraph "31" of the amended complaint, defendants repeat and re-allege their responses to the allegations set forth in paragraphs "1" through "30" as though fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the amended complaint.

33. Deny the allegations set forth in paragraph "33" of the amended complaint.

34. Deny the allegations set forth in paragraph "34" of the amended complaint.

35. In response to paragraph "35" of the amended complaint, defendants repeat and re-allege their responses to the allegations set forth in paragraphs "1" through "34" as though fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the amended complaint.

37. Deny the allegations set forth in paragraph "37" of the amended complaint.

### First Affirmative Defense

38. Plaintiff's amended complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

39. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof.

### Third Affirmative Defense

40. At all times relevant to the acts alleged in the amended complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### Fourth Affirmative Defense

41. Any damage or injury alleged in the amended complaint was caused or contributed to, in whole or in part, by reason of plaintiff's culpable or negligent conduct and was not the proximate result of any act of defendants.

### Fifth Affirmative Defense

42. At all times relevant to the acts alleged in the amended complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York has governmental immunity from liability.

### Sixth Affirmative Defense

43. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### Seventh Affirmative Defense

44. Plaintiff cannot obtain punitive damages as against the City of New York.

### Eighth Affirmative Defense

45. Plaintiff has failed to comply with New York General Municipal Law §50-h and accordingly plaintiff's state law claims are barred.

WHEREFORE, defendants demand judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Defendant hereby demands trial by jury on all issues so triable.

DATED:    New York, New York
November 8, 2007

Respectfully submitted,

*[signature]*

David M. Pollack, Esq. (DP3873)
MICHAEL A. CARDOZO
Corporation Counsel
Attorney for Defendant
The City Of New York, Officers Randon Rush, Ken Miklas and Sergeant Joseph Quigley
100 Church Street, Room 3-146
New York, New York 10007
(212) 788-1894

TO: Richard J. Cardinale, Esq.(By ECF)
Cardinale & Marinelli
Attorneys for Plaintiff
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391