UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SHAMEL ERVIN,

                                                Plaintiff,

             -against-
                                                07 CV 2981 (JSR)

THE CITY OF NEW YORK, POLICE OFFICER
RANDON RUSH,  POLICE OFFICER KEN MIKLAS,
SERGEANT JOSEPH QUIGLEY,

                                                Defendants.

------------------------------------------------------------------------ x

                    **PLAINTIFF'S  PROPOSED  CASE  SPECIFIC**
                    **JURY INSTRUCTIONS**

       Pursuant to Fed. R. Civ. P. 51, plaintiff proposes the following case specific jury instructions.

### 1.  42 U.S.C. § 1983 GENERALLY

       The federal law under which plaintiff is suing is § 1983 of Title 42 U.S.C of the United States Code.  For convenience, I will refer to this law as § 1983.  Section 1983 was enacted by Congress in 1871 to give citizens a remedy for violations of their civil rights.  Section 1983 states in part that:

> Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

       Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows the plaintiff in this case to enforce rights guaranteed to him by the federal Constitution.  Later in these instructions I will explain to you what these federal constitutional rights are, and what plaintiff must show to demonstrate a violation of these rights.

To establish a claim under § 1983, plaintiff must establish, by a preponderance of the evidence, the following three elements. First, that the conduct complained of was committed by a person or persons acting under color of state law. Second, that this conduct deprived the plaintiff of a right protected by the Constitution of the United States. And third, that the defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff. I shall now explain these elements in greater detail.

**First Element -- Action under Color of State Law**

As to the first element -- whether defendants were acting under color of state law -- there is no dispute in this case that, during the events in issue, the defendant police officers were acting under color of state law. Therefore, you need not concern yourself with this element of plaintiff's case.

**Second Element -- Deprivation of Right**

The second element of plaintiff's case is that defendants' conduct deprived him of a federal right. Plaintiff claims that he was deprived of two federal rights: (1) the right to be free from excessive force as guaranteed by the Fourth Amendment, and (2) the right to be free from an unlawful strip search as guaranteed by the Fourth Amendment.

**Third Element -- Proximate Cause**

The third element that plaintiff must prove is that defendants' conduct was a proximate cause of his injuries and damages. Under § 1983, a defendant is responsible for the natural consequences of his actions. An act is a proximate cause if it was a substantial factor in bringing about the plaintiff's injury. You must determine whether injury or damage suffered by the plaintiff was a reasonably foreseeable consequence of the defendants' conduct. An injury that is a direct result, or a reasonable probable consequence of a defendant's conduct, was

proximately caused by that conduct. The question is whether a reasonable person would regard defendant's conduct as being a cause of the injury. If so, the conduct is a proximate cause.

A proximate cause need not always be the nearest cause either in time or in location. In addition, the law recognizes that there may be more than one proximate cause of an injury. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.

**General Wrap-up on Elements of the Claim -- Multiple Parties**

If you find that plaintiff has proven all three elements of his claim by a preponderance of the evidence with respect to a particular defendant whom you are considering separately, you should find that defendant liable. If you find that plaintiff has not proven any one of these elements with respect to the particular defendant you are considering, then you must find that defendant not liable and return a verdict for him. Remember that the case against each defendant must be considered separately by you. The fact that you find that one of the defendants is or is not liable does not determine your verdict as to the other defendant. Moreover, the fact that you find that the plaintiff has not proven his case with respect to one claim does not determine your verdict as to any other claim asserted by plaintiff.

**No Specific Intent**

Finally, I instruct you that § 1983 does not require the plaintiff to demonstrate that a defendant acted willfully, or with the specific intent to violate the plaintiff's federally protected rights. The defendant, however, must have carried out his acts in an intentional or reckless manner. An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. An act is reckless if it is done in conscious disregard of its known probable consequences.

<u>Modern Federal Jury Instructions</u>, Judge Sand, Inst. 87-68 to 87-78; Martin A. Schwartz & Judge George C. Pratt, <u>Section 1983 Litigation Jury Instructions</u>, Chapter 3; <u>Hudson v. New York City</u>, 271 F.3d 62, 68 (2d Cir. 2001) (A defendant may be found liable under § 1983 even if he did not intend to violate the plaintiff's constitutional rights).

### 2.  PERSONAL INVOLVEMENT IN A § 1983 VIOLATION

A plaintiff seeking to recover damages for an alleged constitutional deprivation under § 1983 must show personal involvement on the part of each defendant.  To establish that a defendant was personally involved, it is not necessary for plaintiff to establish that the defendant was the ultimate decisionmaker.  A defendant may be held liable if he, with knowledge of the illegality, participates in bringing about a violation of the plaintiff's rights but does so in a manner that is indirect such as ordering or helping others to do the unlawful acts.

<u>Provost v. City of Newburgh</u>, 262 F.3d 146, 154 (2d Cir. 2001).

### 3.  SUPERVISORY LIABILITY

Liability may be imposed upon a supervisor who participated directly in the violation of a person's constitutionally protected rights.  A supervisor may also be held liable, however, for a violation of federally protected rights even if the supervisor did not participate directly in the violation.

The personal involvement of a supervisor may be shown by evidence that: (1) the supervisor participated directly in the alleged constitutional violation, (2) the supervisor, after being informed of the violation, failed to remedy the wrong, or (3) or the supervisor exhibited

deliberate indifference by failing to act on information indicating that unconstitutional acts were occurring.

Martin A. Schwartz & Judge George C. Pratt, <u>Section 1983 Litigation Jury Instructions</u>, Instruction 16.01.1; <u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir. 1995).

### 4.  LIABILITY OF OFFICER WHO FAILED TO INTERVENE

All law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officials in their presence.  I instruct you that an officer or supervisor who fails to intercede is liable for the preventable harm caused by the actions of another officer if that officer either observes or has reason to know that a constitutional violation has occurred or is occurring.  However, before an officer or supervisor can be held liable for failure to intervene, you must find that the officer or supervisor had a realistic opportunity to prevent the harm from occurring, that is, that he had sufficient time to intercede and a capability to prevent the harm.

Thus, before you can hold a defendant liable, you must conclude that the following elements have been met.  First, that a defendant subjected plaintiff to an unlawful act.  Second, that another defendant observed those actions and knew they were unlawful.  Third, that the observing defendant had a realistic opportunity to intervene, as I have just described that phrase.  And fourth, that the defendant failed to take reasonable steps to prevent the violations of the plaintiff's constitutional rights.

Finally, I instruct you that plaintiff need not establish who, among a group of officers, directly participated in the attack and who failed to intervene.

Martin A. Schwartz & Judge George C. Pratt, Section 1983 Litigation Jury Instructions, Instruction 7.02.2; Provost v. City of Newburgh, 262 F.3d 146, 168 (2d Cir. 2001) ("It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence") (citation and internal quotation marks omitted)); Curley v. Village of Suffern, 268 F.3d 65, 72 (2d Cir. 2001) ("Failure to intercede results in liability where an officer observes excessive force is being used or has reason to know that it will be"); O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988) (law enforcement officers have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement from other law enforcement personnel in their presence); Jeffreys v. Rossi, 275 F. Supp.2d 463, 474 (S.D.N.Y. 2003) (a "plaintiff need not establish who, among a group of officers, directly participated in the attack and who failed to intervene"); Younger v. City of New York, 480 F. Supp.2d 723, 732 (S.D.N.Y. 2007) (same); Fischl v. Armitage, 128 F.3d 50, 57 (2d Cir. 1997) (reversing grant of summary judgment for defendant based on evidence that defendant was in the vicinity of an assault on plaintiff and failed to intervene); Skorupski v. County of Suffolk, 652 F. Supp. 690, 694 (E.D.N.Y. 1987) (rejecting defendants' argument that they were entitled to summary judgment because plaintiff cannot specify which of the officers struck him and finding that all of the officers were potentially liable because they have an affirmative duty to intervene); Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000) (holding plaintiff's inability to identify which officer allegedly assaulted him did not preclude excessive force claims); Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002) (same).

**5.  EXCESSIVE FORCE**

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force.  A law enforcement official may only employ the amount of force necessary under the circumstances to make an arrest or carry out an official police act..

Here, plaintiff claims that he was subjected to excessive force while being strip searched.  To determine whether the acts caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used was reasonable under the circumstances.  In making this determination, you may take into account the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the defendant or others, and whether the plaintiff actively resisted police action or attempted to evade police action by flight.  However, you do not have to determine whether the defendant had less intrusive alternatives available, for the defendant need only to have acted within the range of conduct identified as reasonable.  If you find that the amount of the force used was greater than a reasonable person would have employed, the plaintiff will have established his claim.

Finally, I instruct you that the plaintiff is not required to show that he suffered a serious injury in order to establish his excessive force claim.  The severity of the injury is an issue as to damages, not liability.

Modern Federal Jury Instructions, Judge Sand, Instruction, 87-74C; Graham v. Connor, 490 U.S. 386, 395-96 (1989); Maxwell v. City of New York, 380 F.3d 106, 108 (2d Cir. 2004) (A police officer's use of force is excessive, in violation of the Fourth Amendment, "if it is objectively unreasonable 'in light of the facts and circumstances confronting [the officer], without regard to [his] underlying intent or motivation.'") (quoting Graham v. Connor, 490 U.S.

386, 397 (1989)); Sullivan v. Gagnier, 225 F.3d 161, 165 (2d Cir. 2000) ("A claim that excessive force was used in the course of a seizure is subject to an objective test of reasonableness under the totality of the circumstances, which requires consideration of the specific facts in each case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of others and whether he is actively resisting arrest"); Griffin v. Crippen, 193 F.3d 89, 92 (2d Cir. 1999) ("appellant need not prove 'significant injury' to make out an excessive force claim [under the Eighth Amendment] and, thus, the fact that he suffered only minor injuries does not warrant dismissal"); Maxwell v. City of New York, 380 F.3d 106, 108 (2d Cir. 2004) ("we have permitted a plaintiff's [unreasonable force] claim to survive summary judgment on allegations that, during the course of an arrest, a police officer twisted her arm, "yanked" her, and threw her up against a car, causing only bruising") (quoting Robison v. Via, 821 F.2d 913, 924-25 (2d Cir. 1987)); Hayes v. New York City Police Dept., 212 Fed.Appx. 60, 62, 2007 WL 130332, *1 (2d Cir. 2007) (summary order) ("we have permitted [excessive force] claims to survive summary judgment where the only injury alleged is bruising"); Corselli v. Coughlin, 842 F.2d 23, 26 (2d Cir. 1988) ("Even if the injuries suffered 'were not permanent or severe,' a plaintiff may still recover if 'the force used was unreasonable and excessive'") (quoting Robison v. Via, 821 F.2d 913, 924 (2d Cir. 1987)); Atkins v. New York City, 143 F.3d 100, 104 (2d Cir. 1998) ("A beating severe enough to leave marks is sufficient proof of a compensable injury"); Robison v. Via, 821 F.2d 913, 924 (2d Cir. 1987) ("While Robison did not seek medical treatment for her injuries, and this fact may ultimately weigh against her in the minds of the jury in assessing whether the force used was excessive, this failure is not fatal to her claim. If the force used was unreasonable and excessive, the plaintiff may recover even if the injuries inflicted were not permanent or severe.") (emphasis added); Hudson v. McMillian, 503 U.S. 1, 4 (1992)

(a plaintiff need not allege "serious injury" to state an excessive force claim under the Eighth Amendment); Bender v. City of New York, 78 F.3d 787, 792-73 (2d Cir.1996) (holding that $150,000 was a proper compensatory damage award for plaintiff who suffered a physical blow to the mouth that resulted in no bruise or cut, 29 hours in custody, the pendency of disorderly conduct and assault charges for six months, prior to their dismissal; and emotional distress) (emphasis added); Amnesty America v. Town of West Hartford, 361 F.3d 113, 124 (2d Cir. 2004) (officers may not "gratuitously inflict pain" in a manner that is not a reasonable response to the circumstances); Estate of Heilbut ex rel. Rangel v. City of New York, 04 CV 4332, 2006 WL 2807722, *6 (S.D.N.Y. Oct. 2, 2006) ("The standard under the Fourth Amendment, however, is not whether the force used was de minimis or serious, but whether it was 'objectively unreasonable'"); Pierre-Antoine v. City of New York, 04 CV 6987, WL 1292076, *5 (S.D.N.Y. May 9, 2006) (a plaintiff need not allege "serious injury" to state an excessive claim under the Fourth Amendment); Webster v. City of New York, 333 F. Supp.2d 184, 197 (S.D.N.Y. 2004) ("minor" injuries sustained because of a police officer's use of excessive force is not as a matter of law *de minimis);* Davenport v. County of Suffolk, 99 CV 3088, 2007 WL 608125, *10 (E.D.N.Y. Feb. 23, 2007) ("a plaintiff need not sustain severe injury to maintain a claim that the use of force was objectively unreasonable under the Fourth Amendment"); Davis v. City of New York, 04 CV 3299, 2007 WL 755190, **11-13 (E.D.N.Y. Feb. 15, 2007) (a plaintiff need not sustain severe injury to maintain a claim that a use of force was unreasonable under the Fourth Amendment); Ba v. New York City Police Dept., 99 CV 11984, 2001 WL 1098019, *8 (S.D.N.Y. Sept. 19,.2001) ("serious physical injury is not required in order to establish a claim of unreasonable force"); Landy v. Irizarry, 884 F. Supp. 788, 799 n.14 (S.D.N.Y. 1995) (an excessive force claim may be based on a "insignificant" injury); Smith

v. Yonkers Police Dept., 91 CV 3778, 1995 WL 489461, *3 (S.D.N.Y. Aug. 16, 1995) ("Although plaintiff's injuries were concededly minor, this does not, as the defendants admit, 'deny the possibility of excessive force'"); Daniels v. City of Binghamton, 947 F. Supp. 590, 597 (N.D.N.Y. 1996) ("The fact that a plaintiff's injuries are not severe, or are relatively minor … does not foreclose an excessive force claim"); Stokes v. City of New York, 05 CV 0007, 2007 WL 1300983, *11 (E.D.N.Y. May 3, 2007) (a plaintiff can sustain an excessive force claim by claiming that he was handcuffed unreasonably tight and that the officer refused his request to loosen the cuffs); Vogeler v. Colbath, 04 CV 6071, 2005 WL 2482549, **9-10 (S.D.N.Y. Oct. 6, 2005) (tight handcuffing can give rise to a cause of action under § 1983); Simpson v. Saroff, 741 F. Supp. 1073, 1078 (S.D.N.Y. 1990) (allegations by plaintiff of "punched stomach, swollen and bleeding wrists from the tight handcuffs, as well as a faintly detectable scar on her left wrist" states claim of use of excessive force under § 1983) (emphasis added).

### 6.  UNLAWFUL STRIP SEARCH CLAIM

Plaintiff claims that defendants unlawfully strip searched him.  The Fourth Amendment precludes police officers from performing strip searches of arrestees charged with misdemeanors or other minor offenses unless the officer has a reasonable suspicion that the arrestee is concealing weapons or other contraband based on the crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest.  Here, plaintiff was charged with violating N.Y.C. Health Code § 139-07, smoking in a public place.  Smoking in a public place is a violation under New York law.  A violation is less serious than a misdemeanor.  Therefore, in order to have lawfully strip searched plaintiff, defendants must have had reasonable suspicion that plaintiff was concealing weapons or other contraband.

Weber v. Dell, 804 F.2d 796, 802 (2d Cir. 1986); Wachtler v. County of Herkimer, 35 F.3d 77, 81-82 (2d Cir. 1994); Walsh v. Franco, 849 F.2d 66, 68-69 (2d Cir. 1988).

### 7.  INTRODUCTION TO CLAIMS UNDER STATE LAW

I now turn to plaintiff's state law claims against defendants.  We call these claims "supplemental state law claims" because they are alleged in addition to the federal constitutional claims.  These claims are not for deprivations of constitutional rights, but they are claims based on common law torts, namely, the civil wrongs of assault and battery, brought under state law principles.  Unlike plaintiff's federal claims which are asserted just against the individual police officers, plaintiff's state law claims are also asserted against the City of New York.

### 8:  ASSAULT AND BATTERY

A plaintiff claiming assault must prove that a defendant or an unidentified New York City Police Officer intentionally placed the plaintiff in reasonable fear of imminent harmful or offensive bodily contact.  To prove a battery claim, the plaintiff must establish that a defendant or an unidentified New York City Police Officer intentionally and wrongfully engaged in physical contact with the plaintiff without the plaintiff's consent.

Unlike plaintiff's § 1983 excessive force claim, responsibility for a state law assault and battery is incurred not only by the officer or officers who committed the act, but also by the government employer if the force used was within the scope of the officer's employment. Accordingly, as a matter of law, the City of New York is responsible for any assault and battery

11

perpetrated against plaintiff by New York City Police Officers, regardless of whether those officers have been identified by the plaintiff.

United Nat. Ins. Co. v. Waterfront New York Realty Corp., 994 F.2d 105, 108 (2d Cir. 1993); Green v. City of New York, 465 F.3d 65, 86 (2d Cir. 2006) ("A New York employer, such as the City, is liable for intentional torts, such as assault and battery, committed by its employees provided that the tort is committed within the scope of the [employee's] employment"); Chimurenga v. City of New York, 45 F. Supp.2d 337, 344 (S.D.N.Y. 1999) (discussing respondeat superior liability).

### 9. INTRODUCTION TO DAMAGES

If you find that plaintiff has proved, by a preponderance of the evidence, all of the elements of one of his claims, you must then decide if he suffered any injuries as a result of the violation of his rights. The fact that I am instructing you on how to award damages does not mean that I have any opinion on whether one or more of the defendants should be held liable. I am instructing you on damages only so that you will have guidance should you decide that plaintiff is entitled to a recovery.

Should you decide that plaintiff has proved a claim by a preponderance of the evidence, you must consider awarding two types of damages: compensatory damages and punitive damages. I will now explain the law concerning each of these two types of damages to you.

## 10.  COMPENSATORY DAMAGES

If you find that a defendant is liable to plaintiff, then you must determine an amount that is fair compensation for plaintiff's damages.  These damages are called compensatory damages.  The purpose of compensatory damages is to make the plaintiff whole -- that is, to compensate the plaintiff for the damage that the plaintiff has suffered.  Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury.  If a plaintiff wins, he is entitled to, in addition to his out-of-pocket expenses, compensatory damages for the embarrassment, personal humiliation, physical injury, pain and suffering, mental anguish, emotional distress, and discomfort that he has suffered because of the defendants' conduct.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendants' allegedly wrongful conduct.  The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstance permit.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

Modern Federal Jury Instructions, Judge Sand, Instruction, 77-3, 77-4, 87-87; Martinez v. The Port Authority of New York and New Jersey, 445 F.3d 158, 161 (2d Cir. 2006); Kerman v. City of New York, 374 F.3d 93, 125-26 (2d Cir. 2004); Gardner v. Federated Dep't

Stores, Inc., 907 F.2d 1348, 1353 (2d Cir. 1990); Martinez v. Port Authority of N.Y. and N.J, 2005 WL 2143333, *19 (S.D.N.Y. 2005), aff'd, 445 F.3d 158, 161 (2d Cir. 2006); Memphis Community Sch. Dist. v. Stachura, 477 U.S. 299, 306 (1986); Mathie v. Fries, 121 F.3d 808, 814 (2d Cir. 1997); Miner v. City of Glens Falls, 999 F.2d 655, 662 (2d Cir. 1993); Walz v. Town of Smithtown, 46 F.3d 162, 170 (2d Cir. 1995); Bick v. City of New York, 95 CV 8781, 1998 WL 190283, *25 (S.D.N.Y. April 21, 1998); Epstein v. Kalvin-Miller Int'l, Inc., 139 F. Supp.2d 469, 479-81 (S.D.N.Y. 2001); Mathie v. Fries, 935 F. Supp. 1284, 1304 (E.D.N.Y. 1996); Martin A. Schwartz & Judge George C. Pratt, Section 1983 Litigation Jury Instructions, Chapter 18.

## 11.  JOINT AND SEVERAL LIABILITY

When two or more persons unite in causing an indivisible harm to a plaintiff, as is alleged in the present case, they can be charged with what the law calls joint and several liability for their acts.  Joint and several liability means that each defendant is held liable for the entire amount of actual injury caused to the plaintiff as a result of the defendants' actions.  The law does not require the injured party to establish how much of the injury was caused by each defendant.  Rather, if the plaintiff is entitled to compensatory damages, the law permits a total sum of damages to be awarded to the plaintiff without breaking down how much each defendant is responsible for the damages.  The plaintiff, however, will be entitled to only one recovery against the defendants.

Martin A. Schwartz & Judge George C. Pratt, Section 1983 Litigation Jury Instructions, § 1806; Rodick v. City of Schenectady, 1 F.3d 1341, 1348 (2d Cir. 1993); Koster v. Perales, 903 F.2d 131, 140 (2d Cir 1990) ("joint and several liability is appropriate where the action or inaction of several defendants produces a single indivisible injury").

## 12. PUNITIVE DAMAGES

The law permits a jury, under certain circumstances, to award an injured person punitive damages in order to punish a defendant, and to serve as an example or warning to others not to engage in such conduct. You may make an award of punitive damages even though you find that plaintiff has not established actual damages. You may award plaintiff punitive damages if you find by a preponderance of the evidence in this case that a defendant's acts or omissions were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of plaintiff. An intent to injure exists when a defendant has a conscious desire to violate rights of which he is aware, or when a defendant has a conscious desire to injure plaintiff in a manner he knows to be unlawful. If you find that a defendant acted with malicious intent to violate the plaintiff's rights or to unlawfully injure him, or if you find that a defendant acted with a callous disregard of the rights of plaintiff, then you may award punitive damages.

Modern Federal Jury Instructions, Judge Sand, Instruction. 87-92; Smith v. Wade, 461 U.S. 30, 56 (1982); Ismail v. Cohen, 899 F.2d 183, 185, 187 (2d Cir. 1990); Lee v. Edwards, 101 F.3d 805 (2d Cir. 1996); King v. Macri, 993 F.2d 294, 297-98 (2d Cir. 1993) (punitive damages may be awarded under § 1983 in the absence of a compensatory damage award); Stolberg v. Members of Board of Trustees, 474 F.2d 485, 489 (2d Cir. 1973); Provost v. City of Newburgh, 262 F.3d 146, 163-64 (2d Cir. 2001) (relevance of indemnification agreement).

DATED:    November 19, 2007
          Brooklyn, New York

                                       CARDINALE & MARINELLI
                                       26 Court Street, Suite 1815
                                       Brooklyn, New York 11242
                                       (718) 624-9391

                                       By:

                                       *Richard J. Cardinale*
                                       _____
                                       RICHARD J. CARDINALE (RC-8507)